IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHID CHAKIR; | § | |
| DAVID GRAHAM; | § | |
| CHRISTOPHER HARRISON; | § | |
| TANYA KALIS; | § | |
| CHARLENE REED; | § | |
| ALBERT NGUYEN; AND | § | |
| IKENNA OFOMA, | § | |
| on Behalf of Themselves and All Other | § | |
| Employees Similarly Situated, | § | |
| Plaintiffs, | § | C.A. NO. 4:10-cv-2850 |
| | § | |
| V. | § | |
| | § | |
| BA RESEARCH | § | |
| INTERNATIONAL, L.P.; ET AL. | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

### PLAINTIFFS' AMENDED RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Rachid Chakir, David Graham, Christopher Harrison, Tanya Kalis, Charlene Reed, Albert Nguyen, and Ikenna Ofoma file their Amended Response to Defendants' Motion for Summary Judgment [Docs. 40, 41] as follows:

### FAIR LABOR STANDARDS ACT ("FLSA") ARGUMENT

1. Defendants filed their motion for summary judgment initially attacking the Plaintiffs' motives and arguing fairness - issues that are irrelevant.[1] The Defendants then spent

---

[1] Even still, Defendants' arguments are not correct. One would think from their argument that the Defendants were somehow at the Plaintiffs' mercy in terms of choosing the pay structure. They were not. It was the Defendants who chose this pay structure, over the Plaintiffs' protests. Exhibit 1 – Deposition of Rachid Chakir, pp. 69-70; Exhibit 6 – Deposition of Albert Nguyen, pp. 67-68, 70-71. The fact that the Plaintiffs protested the structure will be explained further as it is relevant to willfulness.

much of their effort arguing issues that they know are uncontested, such as the duties test, and avoid the difficult issue: the salaries test.[2]

## PAY SYSTEM

2.  As extraction chemists working for BA research, Plaintiffs were not paid a guaranteed salary, they were paid based solely on the number of extractions or "runs" they performed. A run is essentially a procedure designed to test the chemical content of a particular sample. Plaintiffs were paid per run with one run resulting in four hours of pay. Exhibit 7 – Deposition of Ikenna Ofoma, p. 51; Exhibit 5 – Deposition of Charlene Reed, pp. 19-28; Exhibit 8 – Deposition of Chinna Pamidi, pp. 25, 29-30.

3.  All of Plaintiffs' pay stubs and time sheets reflect, in fact, that they were paid purely by the run with each run equally four hours on the time sheets. *See* time sheets and paystubs of Plaintiffs – Exhibits 9-18 and also attached as exhibits to the depositions attached as Exhibits 1-7.

4.  Defendants concede that this is how Plaintiffs were paid during the time at issue, 2007-2009. *See* Defendants' Memorandum in Support of Motion for Summary Judgment, p. 10 [Doc. 41].

5.  Plaintiffs were never told they were paid a fixed salary. Defendants have not identified one document indicating that Plaintiffs were paid a fixed salary during the time in question. The documents indicating a salary were issued for some of the Plaintiffs at the

---

[2] Interestingly, while claiming that the fact that the Plaintiffs were paid a salary was "undisputed" Defendants knew that this was the only issue in dispute. Pursuant to the Court's instructions, Plaintiffs sent the Defendants a letter outlining their theory of the case. That letter focused entirely on the salary test and did not even mention the duties test.

beginning of their employment, before the pay system based on the number of runs was instituted.[3] Other than statements made by the Defendants' lawyers and Defendants' representatives after litigation was filed in this case, no one had ever claimed that the Defendants paid Plaintiffs fixed salaries.

### **CLAIMED – EXEMPTION – PROFESSIONAL EMPLOYEE**

6. Defendants claim that Plaintiffs were exempt learned professional employees under 29 USC 213(a)§541.301. At the outset, it should be noted that Defendants bear the burden of proving that the employee meets the exemption and that such exemptions are to be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *See also Vela v. City of Houston*, 276 F3d 659, 666-667 (5th Cir. 2001) (defendant bears the burden of proving that the employee is exempt and specifically bears the burden of proving entitlement to the learned professional exemption and such exemptions are narrowly construed); *Blackmon v. Brookshire Grocery Co.,* 835 F2d 1135, 1137 (5th Cir. 1988) (exemptions from the FLSA are construed narrowly).

---

[3] The system of paying by the run started in 2003 with Chris Harrison. *See* Exhibit 3 – Deposition of Chris Harrison, pp. 118-120; Exhibit 6 – Deposition of Albert Nguyen, pp. 67-69. From that time it expanded to the other Plaintiffs but in each case the overtime system of paying by the run started after each individual Plaintiff's employment. See Exhibit 6 – Nguyen Depo, pp. 67-69. The initial salary letters for those Plaintiffs that received them, took place before the system applied to the individual employee. *See* Exhibit 3 – Deposition of Christopher Harrison, pp. 131-135 (early 2002-2003), Exhibit 6 – Nguyen Depo, p. 14 (2000), Exhibit 5 –Deposition of Charlene Reed, pp. 14-15 (1996 or 1997).

7.  Defendants have utterly failed to meet their burden of demonstrating their entitlement to the learned professional exemption because it cannot show that any of the employees at issue meet the salary basis test.[4]

8.  An employee must first meet the "salary test" if "the employee regularly receives for each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation." *See* 29 C.F.R. 541.602(a). Generally speaking, hourly employees may be considered to be compensated on a salaried basis as long as they are guaranteed a predetermined number of pay hours. *See Douglas v Argo-Tech Corp.* 113 F3d 67, 71 (6th Cir. 1997); *See also Magyar v. Davey Tree Expert Co.*, Case No. 8:08-CV-1181-T-30MAP, Middle District of Florida (October 5, 2009).

9.  However, in order to meet the salary test, defendants must expressly guarantee specific salary and such salary must be reasonably related to the employee's normal pay. As stated in 29 U.S.C.§541.604(b):

> (b)  An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned. The reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek. Thus, for example, an exempt employee guaranteed compensation of at least $500 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $150 per shift without violating the salary basis requirement. The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis. It does not apply, for example, to an exempt store manager paid a guaranteed salary of $650 per week who also receives a commission of one-half percent of all sales in

---

[4] Defendants also claim the highly compensated employee exemption with respect to Plaintiff Harrison. It should be noted that this is relevant to the duties test and does not supplant the salary test. Therefore, since again Defendants cannot show that any of the Plaintiffs meet the salary test, they are not entitled to any exemption from the FLSA.

      the store or five percent of the store's profits, which in some weeks may total as much as, or even more than, the guaranteed salary.

29 U.S.C.§541.604.

    10.    Defendants claim that each of the Plaintiffs was guaranteed a certain salary based upon forty hours of paid work per week. Outside of this litigation, however, Defendants have provided no documentation supporting the assertion of the guarantee of predetermined specific amounts. Plaintiffs knew of no such policy or of any document that stated such guarantee, nor has Defendants produced any documentation which shows that Defendants had the policy of treating their chemists as salaried employees. As noted before, the initial salary letter was issued before the piecemeal system started. Moreover, the salary in the letter was not the amount allegedly guaranteed. Furthermore, it does not appear to be guaranteed at all. When an employee did not perform the two runs to get eight hours pay on a day, the employee was docked for vacation or sick time. Moreover, no one ever told Plaintiffs, not even orally, that they were guaranteed a set amount each paycheck. Instead, it was their understanding that they were paid hourly. Exhibit 3 – Harrison Depo, pp. 100-112; Exhibit 5 – Reed Depo, pp. 103-104; Exhibit 6 – Nguyen Depo, pp. 67-68; Exhibit 7 – Ofoma Depo, p. 56; Defendants did not have any written policy which notified Plaintiffs that they would receive the same amount of pay even if they worked less than forty hours during a work week and did not use vacation or sick time to make up the hours. It should also be noted that of all the time and pay records produced by Defendants, there is no instance where any Plaintiff worked less than forty hours during a work week that they did not have sick time or vacation time available to cover those hours.

    11.    In any event, Defendants do not meet the criteria for not paying additional compensation under 29 CFR 541.604(b). *See also Rodgers v. Basin School District Member 72*,

U.S. District of Idaho, Civ. 04-287-S-EJL (December 4, 2006). In *Rodgers*, the court held that the employer's guarantee must be "express." Clearly it was not here. Furthermore, since the extra pay was calculated on an hourly basis and stated as such on the paychecks, Defendants would also have to show that a "reasonable relationship" existed between the guaranteed amount and the pay for a normal work week. *See* 29 CFR 541.604(b). Defendants have not event attempted to meet their burden of showing such reasonable relationship. That is because they cannot do so, Here the disparity in pay between guaranteed pay and actual pay is evident from the pay records. For example, even if Defendants had paid each plaintiff a guaranteed salary, there is a significant difference between the alleged salary and the total compensation received. As Defendants admit, for example, Plaintiff Harrison more than tripled his income because of his extra pay. Defendants' Brief, p. 11 [Doc. 41]. Under *Holladay v. Burch, Oxner, Seale Co.,* Civil Action No. 4-07-cv-03804-RBH (D.S.C. March 6, 2009) that alone would be fatal to the Plaintiffs' alleged exempt status.

## PLAINTIFFS HAVE ADEQUATE PROOF DEMONSTRATING THEIR OVERTIME HOURS

12.     Under the Fair Labor Standards Act ("FLSA"), well-established case law from the United States Supreme Court and the Fifth Circuit demonstrate that in situations when the defendant has not kept adequate records of the employee's hours, as is the case here, the burden of demonstrating the plaintiff's hours is extremely light. *See Anderson v Mount Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946); *Reeves v. Tel & Tel Corp.*, 616 F2d 1342 (5th Cir. 1980). In *Anderson*, a special master denied plaintiff's recovery for overtime work concluding that it could not be ascertained with sufficient definiteness. *Anderson*, 328 U.S. at 684-85. The Supreme

Court, however, reversed holding that the special master had "imposed upon the employees an improper standard of proof," *Id.* at 686.

13. The Court noted that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work," as such a result would be contrary to the remedial nature of the FLSA. Rather the Court in *Anderson* enunciate the following standard:

> an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensation and if he provides sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the Court may then award damages to the employee even though the result be only approximate.

*Id.* at 687-88.

14. Likewise, the Fifth Circuit has emphasized that an employee's estimate of his hours is sufficient to demonstrate the hours worked. In *Reeves v. Int'l Tel & Tel Corp.*, 616 F2d 1342 (5th Cir. 1980), the Court noted that the Supreme Court in *Anderson* placed a light burden on the employee when the employer did not keep adequate records because otherwise "such a result would place a premium on the employer's failure to keep proper records in conformity with the statutory duties; it would allow the employer to keep the benefits of the employee's labor without paying due compensation as contemplated by the Fair Labor Standards Act." *Id.*, at 1352 (*quoting Anderson*, 328 U.S. at 687-688.) In *Reeves*, the plaintiff estimated an average work week of 74.5 hours. He conceded that the totals corresponded to "rough computations of his subconscious mind." *Reeves,* 616 F.2d at 1352. The Fifth Circuit held, however, that the

employee's estimates were sufficient noting that the fact finders' calculations of an average work week of 60 hours was a "fair and just approximation under the facts presented and within the guidelines for determination"  *Id*. at 1352.

15.　It is clear in a FLSA case, a plaintiff need not "prove each hour of overtime work with unerring accuracy or certainty." *Prince v MND Hospitality, Inc.*, 2009 U.S. Dist. Lexis 61637 (S.D. Tex. 2009).  As the Court also noted in *Prince*, "in the absence of rebuttal by defendants, plaintiff's recollection and estimates of hours worked are presumed to be correct." *Id.* (*quoting Tin Yao Lin v. Hayashi Ya II, Inc.*, 2009 U.S. Dist. Lexis 12963 (at 3) (S.D.N.Y Jan. 30, 2009)) (the plaintiff's initial burden was satisfied by affidavits based upon plaintiff's recollections describing the time spent performing various tasks that did not receive overtime compensation.)

16.　Although the Defendants complain about the uncertainty of assessing the exact amount of hours worked by the Plaintiffs, the Fifth Circuit and the Supreme Court have pointed out that when the employer does not keep adequate records of an employee's time, the employer is not in a position to complain.  As the Fifth Circuit noted in *Mitchell v. Mitchell Truck Line, Inc.*, 286 F.2d 721 (5th Cir. 1961):

> The employer cannot really complain that matters are left in great uncertainty.  It was required under the Act to do two principle things, (1) pay minimum wages and overtime, and (2) keep accurate time and wage records . . . It certainly did not do the first . . . nor did it do the second.
>
> There was thus uncertainty of damage and the only uncertainty was to its extent.  That brings into play the now familiar principle which we have applied in many situations.  "Though damages cannot be ascertained by fixed rules and must be based upon estimates and opinion, it does follow that no damages should be allowed or that the award should be merely nominal" . . . Difficulty of ascertainment is no longer confused with right of recovery.

*Mitchell*, 286 F.2d at 725.

17.     Just days ago, the Second Circuit noted that the employee's burden in this regard is "not high." *Kuebel v Black and Decker, Inc.*, Docket No, 10-2273-cv (2nd Cir., May 5, 2011). The Second Circuit noted that "it is possible for a plaintiff to meet this burden based upon estimates based upon his own recollection." *Id.* The Court in *Kuebel* importantly noted that it is the employer's burden, not the employee's burden to keep accurate records and that the employer's burden is non-delegable. *Id.* at p. 18; 29 U.S.C.§211 (c). In this case, the employees each provided adequate estimates of the times they worked. Significantly, the Plaintiffs are not just relying on estimates from their "subconscious mind" but rather guided by timesheets that they have filled out. In some instances, the timesheet provides adequate guidance to provide definite evidence of the hours they worked. In others, it is more difficult but in each instance the Plaintiffs are able to state an estimate of the hours they worked. For example during 2007 to 2009, after reviewing their timesheets, Rachid Chakir estimated that he had worked an average of 3 hours of overtime each day (Exhibit 1 – Deposition of Rachid Chakir, pp. 26-27), David Graham estimated that he had worked an average of 50 - 85 hours each work week (Exhibit 2 – Deposition of David Graham, pp. 68-73), Christopher Harrison estimated that he had worked an average of 13-14 hours each day, seven days a week, based on his memory and on the runs performed as noted on his time sheets (Exhibit 3 – Deposition of Christopher Harrison, pp. 80-82, 108), Tanya Kalis estimated that she had worked an average of 9 hours each day, seven day a week (Exhibit 4 – Deposition of Tanya Kalis, p. 30), Charlene Reed estimated that she had worked an average of six hours per liquid and solid run and 4 hours per protein extraction (Exhibit 5 – Deposition of Charlene Reed, pp. 54-55, Albert Nguyen estimated that he had worked an average of 12 hours each day (Exhibit 6 – Deposition of Albert Nguyen, pp. 55-56, 116, 120), and Ikenna Ofoma estimated that he had

worked an average of 3 hours per run and worked up to ten hours in one day (Exhibit 7 – Deposition of Ikenna Ofoma, pp. 64, 72, 76).

18. Strangely, Defendants cite to *Harville v Westward Communications, LLC*, 433 F3d 428 (5th Cir. 2005), for support. Although it is not clear from Defendants' brief, in *Harville* the Plaintiff offered no evidence whatsoever of the hours that she worked: she "offered no factual allegations *at all* to substantiate her claim and she presented *no* evidence of the amount or the extent of hours she worked without compensation." *Harville*, 433 F3d at 441 (emphasis in original).

19. Apparently, it was only on appeal that she asserted that she worked 210 hours of unpaid overtime:

> "On appeal Harville only adds to her argument the assertion that she worked 210 hours of unpaid overtime."

*Harville*, 433 F3d at 441.

20. Under these circumstances, obviously, the plaintiff did not present sufficient evidence of the hours worked because she presented no evidence of the hours worked. This case currently before this Court is far from the situation in *Harville*. Plaintiffs have provided estimates of the hours they have worked. They have provided a basis for the estimates including their memories, the time sheets and other time records. As such, they have clearly provided sufficient evidence of the hours worked.

## **WILLFULNESS**

21. Finally, Defendants asked for an advisory opinion that the statute of limitations in this case is only two years as opposed to three years. While the Plaintiffs would urge the Court to hear further evidence in this regard before giving such an opinion, it is clear even now that

Defendants' violation of the Fair Labor Standards Act was willful and, as such, the three year statute of limitations applies.

22. Under the FLSA, the employer willfully violates the Act if it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Contrary to Defendants' suggestion, there is substantial evidence that the Defendants knew or should have known that their pay system was violating the FLSA.

23. First, the Plaintiffs complained about the inherent unfairness of the Defendants pay system. Exhibit 1 – Chakir Depo., pp 69-70; Exhibit 6 - Nguyen Depo., pp. 70-71. Nonetheless, the Defendants took no steps to determine whether their pay system complied with United States law. Instead, it went from one illegal pay system to another. As noted in Defendants' brief, at one point in time, the Defendant went from a compensation system based solely on the number of runs performed (the system in place during the vast majority of the time at issue) to a system in which employees could earn "compensation time." It is well established that a system under which employees are allowed to accrue compensation time for working over 40 hours a week is contrary to the FLSA, except for governmental entities.

24. Accordingly, given that Defendants made no effort to determine whether they complied with federal law, Defendants violation is undoubtedly willful or at least there is a fact issue as to whether the violation was willful.

## **CONCLUSION**

25. Plaintiffs respectfully request that the Court deny Defendants' Motion for Summary Judgment for the reasons stated above and for such other relief to which Plaintiffs may be entitled.

        Respectfully submitted,

By:    /s/ Joseph Y. Ahmad
     Joseph Y. Ahmad
     joeahmad@azalaw.com
     Ahmad, Zavitsanos & Anaipakos, P.C.
     Texas Bar No. 00941100
     SD TX I.D. No. 11602
     3460 One Houston Center
     1221 McKinney Street
     Houston, Texas 77010
     Telephone:   (713) 655-1101
     Telecopier:   (713) 665-0062

Of Counsel:
    Howard T. Dulmage
    Law Offices of Howard T. Dulmage, PLLC
    Texas Bar No. 24029526
    SD TX I.D. No. 28826
    2323 Clear Lake City Blvd., Ste 180 MB186
    Houston, Texas 77062
    Telephone:   (281) 281-8540
    Telecopier:   (832) 295-5797

ATTORNEYS FOR PLAINTIFFS
RACHID CHAKIR, DAVID GRAHAM,
CHRISTOPHER HARRISON, TANYA KALIS,
CHARLENE REED, ALBERT NGUYEN,
AND IKENNA OFOMA

## **NOTICE OF ELECTRONIC FILING**

    I, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 17th day of May, 2011.

        /s/   Joseph Y. Ahmad
        Joseph Y. Ahmad

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 17th day of May, 2011, I sent by facsimile transmission, first class mail, hand delivery, email, or through the ECF system, a true and correct copy of the above and foregoing document to all counsel of record.

 Glenn G. Patton
 glenn.patton@alston.com
 Brett E. Coburn
 brett.coburn@alston.com
 ALSTON & BIRD LLP
 1201 West Peachtree Street
 Atlanta, Georgia 30309-3424
 (404) 881-7000
 (404) 881-7777, fax

 Alexandra Rose
 alex.rose@alston.com
 ALSTON & BIRD LLP
 2200 Ross Avenue, Suite 3601
 Dallas, Texas 75201
 (214) 922-3400
 (214) 922-3899, fax

                /s/   Joseph Y. Ahmad_____
                Joseph Y. Ahmad