IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RACHID CHAKIR; DAVID GRAHAM; CHRISTOPHER HARRISON; TANYA KALIS; CHARLENE REED; ALBERT NGUYEN; and IKENNA OFOMA, on Behalf of Themselves and All Other Plaintiffs Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BA RESEARCH INTERNATIONAL, L.P.,<br><br>Defendant. | Case No. 4:10-CV-2850 |

**REPLY BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.   INTRODUCTION

In response to Defendant's Motion for Summary Judgment, Plaintiffs have filed an 11-page brief that misstates the law applicable to their FLSA claims and grossly mischaracterizes the evidence of record. Defendant BA Research files this Reply Brief for the limited purposes of (1) noting that Plaintiffs have conceded that their job duties as Extraction Chemists satisfy the "duties" test of the FLSA's professional exemption; (2) highlighting the overwhelming evidence in the record establishing that Plaintiffs at all times received a guaranteed salary that satisfies the "salary basis" requirement of the FLSA's professional exemption; (3) explaining why Plaintiffs' citation to the DOL's regulation set forth at 29 C.F.R. § 541.604(b) does nothing to advance their claims because that regulation has no applicability to the compensation practices at issue in this case; and (4) pointing out that Plaintiffs' arguments regarding willfulness are premised on

- 2 -

an incorrect reading of applicable law. For the reasons set forth below and in Defendant's initial Memorandum of Law, BA Research respectfully requests that Plaintiffs' FLSA claims be dismissed with prejudice.

> II.     ARGUMENT AND CITATION OF AUTHORITY

A.  <u>There is No Genuine Issue of Material Fact as to Whether Plaintiffs Were Paid on a Salary Basis</u>

Recognizing that the Extraction Chemist position clearly satisfies the "duties" test of the FLSA's professional exemption, Plaintiffs seek to avoid summary judgment by arguing that they were not paid on a "salary basis" as required by the FLSA. (Pl. Brief at 4-6) As demonstrated below, Plaintiffs' argument falls woefully short of establishing any genuine issue of material fact for at least two reasons. First, the evidence of record is both overwhelming and undisputed that Plaintiffs received a guaranteed salary that was paid to them regardless of the number of hours that they worked each week. Indeed, as discussed below, many of the Plaintiffs expressly testified at their deposition that they received a salary, and that the additional premium compensation that Plaintiffs received was determined by dividing their annual salary by 2080 (40 hours per week times 52 weeks per year); the Company's HR representative testified that the payroll system was set up to pay the Extraction Chemists a guaranteed salary; and the payroll and personnel records in the record establish that Plaintiffs were paid a salary. Second, the DOL regulations and the handful of court decisions cited by Plaintiffs in their Opposition Brief are inapposite because those authorities apply to situations where, unlike here, employees are paid on an hourly basis and are guaranteed payment for a minimum number of hours of pay each week. There simply is no evidence that Plaintiffs ever worked under such an arrangement while employed at BA Research.

1. <u>The Evidence is Undisputed that Plaintiffs Received a Fixed Salary</u>

Plaintiffs' Opposition Brief suggests that BA Research somehow glossed over the salary basis requirement of the professional exemption when, under their theory of the case, that is the only disputed issue before the Court. (Pl. Br. at 1-2, 4) The Company presented only limited legal argument in its principal brief regarding the salary basis requirement because the overwhelming and undisputed evidence presented in the brief makes it abundantly clear that, as Extraction Chemists, Plaintiffs did in fact receive a guaranteed, fixed salary each pay period and thus were paid on a salary basis. Indeed, there are three different sources of evidence in the record that all unequivocally demand such a finding: (1) Plaintiffs' own deposition testimony; (2) the testimony of BA Research's former Vice President of Human Resources; and (3) Plaintiffs' payroll and personnel records.

In direct contradiction of the conclusory and unsupported contentions in Plaintiffs' Opposition Brief that BA Research cannot show that Plaintiffs were paid on a salary basis (Pl. Br. at 4) and that Plaintiffs allegedly understood they were paid by the hour (Pl. Br. at 5),[1] Plaintiffs specifically testified at their depositions that they were paid a salary as Extraction Chemists for the Company. Plaintiff Graham testified unequivocally that he was told by the Company that he would be paid a salary, that he understood that he was being paid a salary, and that he received the same base amount in

---

[1] Not only does the deposition testimony cited by Plaintiffs in this regard fail to support their contention that they understood that they were paid by the hour, but in some cases it actually confirms that they were paid a salary. For example, Plaintiff Reed's cited testimony (pp. 103-04) contains a discussion about whether Reed ever attempted to determine if she would have been better off if she has been paid by the hour, rather than being paid a salary plus premium pay under the actual system that existed.

each pay period. (Graham Dep. at 17-20, 78-79)[2] Similarly, Plaintiff Ofoma testified that he understood that he was paid a salary, that he always received his guaranteed salary, and that the only amount that varied was the premium pay that he received on top of his salary. (Ofoma Dep. at 14, 90-91) Plaintiff Kalis explained her understanding that her salary was generally intended to cover the first eight hours of her work day, and that anything on top of that was covered by the premium pay she received. (Kalis Dep. at 38) Both Chakir and Nguyen understood that they were paid a salary, and that the amount of their premium compensation for performing additional extractions was derived by dividing their annual salary by 2080 hours. (Chakir Dep. at 25-29; Nguyen Dep. at 14, 69-70) Plaintiff Reed testified that she received a salary as an Extraction Chemist with the possibility of additional compensation on top of that salary. (Reed Dep. at 14-15, 17, 28) Finally, Plaintiff Harrison – despite his self-serving and inconsistent testimony that he thought he was being paid on an hourly basis – admitted that he could not say for certain whether or not he was paid a salary plus additional premium compensation, and that he was, in fact, paid the same amount each week. (Harrison Dep. at 27-28, 112-13)

The express testimony of the Plaintiffs themselves is supported and underscored by the declaration testimony of BA Research's former Vice President of Human Resources, Kim Stoddart. As she explained in her declaration, during the time period relevant to Plaintiffs' claims (2007 through 2009), they were paid a guaranteed, fixed, semi-monthly salary that did not vary based on the number of hours they actually

---

[2] All evidence cited herein has been previously submitted to the Court in either the Company's Appendix of Exhibits in Support of Defendant's Motion for Summary Judgment or the appendix of materials filed by Plaintiffs, or both.

worked.[3] (Stoddart Decl. at ¶¶ 4-5) In fact, Ms. Stoddart's declaration specifically lists the guaranteed, fixed, semi-monthly salary that each Plaintiff received in each pay period during this time frame. (Stoddart Decl. at ¶ 5)

Moreover, Plaintiff's pay stubs – and Plaintiffs' testimony regarding the pay stubs – corroborate the salary information in Stoddart's declaration. In fact, the compensation paid to Plaintiffs is expressly referred to on the pay stubs as "Salary" and the fixed amounts paid to Plaintiffs during each pay period correspond to the salary amounts referenced in Ms. Stoddart's declaration. (Pl. Exs. 16-18; Chakir Dep. at 73-78 & Ex. 5; Graham Dep. at 77-81 & Ex. 10; Harrison Dep. at 107-08 & Ex. 4; Ofoma Dep. at 83-86 & Ex. 9; Reed Dep. at 82 & Ex. 9) For example, all of Chakir's pay stubs from 2008[4] and 2009 indicate that he was paid a fixed salary of $1,675.25 each pay period in those years, and a fixed salary of $1,626.46 per pay period in 2007, as stated in Ms. Stoddart's declaration.[5] (Stoddart Decl.

---

[3] In addition to this guaranteed, fixed salary, if Plaintiffs performed more than two protein precipitations or one liquid-liquid or solid phase extraction in a day, they received premium compensation of four hours of pay for each additional extraction they performed. (Stoddart Decl. at ¶ 6) The hourly rate used for this purpose was calculated by dividing the employee's *annual salary* by 2080 hours of work. (Stoddart Decl. at ¶ 6)

[4] Because annual salary increases for Extraction Chemists typically occurred in March of a given calendar year, pay stubs from the first few months of a year will indicate a lower salary than the amount listed in Stoddart's declaration. However, any salary increase awarded mid-year was made retroactive to the beginning of the calendar year, and the chemists received additional compensation to effectuate this retroactive pay increase. (Stoddart Decl. at ¶ 5)

[5] While on pay stubs for certain pay periods the entire fixed salary is contained in one entry on the pay stub, usually notated as "Salary - Direct" (*see*, *e.g.*, Chakir Dep. at Ex. 5 at Chakir49 to Chakir50), in other pay periods the fixed base salary is broken into two or more components to take account of various scenarios such as sick leave or vacation pay. (*See*, *e.g.*, Chakir Dep. at Ex. 5 at Chakir47 to Chakir48) When all of these components on a particular pay check (excluding entries for premium pay) are added together, they total the semi-monthly, guaranteed, fixed salary listed in Ms. Stoddart's declaration.

at ¶ 5; Chakir Dep. at 73-80 & Ex. 5 at Chakir47 to Chakir61) Similarly, all of Graham's pay stubs for 2008 and 2009 show that he was paid a fixed salary of $1,697.87 per pay period, and a fixed salary of $1,648.46 per pay period in 2007. (Stoddart Decl. at ¶ 5; Graham Dep. at 77-82 & Ex. 10) Furthermore, other personnel and hiring documents in the record in this case also contain express references to Plaintiffs being paid a "Salary."[6] (Chakir Dep. at Ex. 1; Graham Dep. at Ex. 2; Harrison Dep. at Exs. 3, 5, 6; Kalis Dep. at Ex. 2; Ofoma Dep. at Ex. 2; Reed Dep. at Ex. 3)

This collection of undisputed evidence makes it abundantly clear that Plaintiffs received "each pay period…a predetermined amount constituting all or part of the employee's compensation, which amount [was] not subject to reduction because of variations in the quality or quantity of the work performed," and therefore were paid on a salary basis.[7] 29 C.F.R. § 541.602(a). Thus, given the combination of this undisputed

---

[6] Despite Plaintiffs' unsupported assertion to the contrary (*see* Pl. Br. at 3 n.3), it is of no import that some of the referenced personnel documents were issued to Plaintiffs before the premium pay compensation system was implemented in 2003. Extraction Chemists were paid on a salary basis both before and after the change, and the change that occurred in 2003 simply provided additional compensation on top of the guaranteed, fixed salary. For example, both Kalis and Ofoma started working for BA Research *after* the 2003 change, and they received new hire paperwork indicating their fixed salary just like the Plaintiffs who started with the Company before 2003. (Chakir Dep. at Ex. 1; Graham Dep. at Ex. 2; Harrison Dep. at Exs. 3, 5, 6; Kalis Dep. at 8 & Ex. 2; Ofoma Dep. at Ex. 2; Reed Dep. at Ex. 3)

[7] The fact that Plaintiffs were paid premium compensation in addition to their fixed salaries does not change the required conclusion that they were paid on a salary basis. *See Valcho v. Dallas County Hosp. Dist.*, 658 F. Supp. 2d 802, 807 (N.D. Tex. 2009) ("An employer may also pay an exempt professional additional compensation, including compensation for overtime hours, without violating the salary basis requirement.") (citing *York v. City of Wichita Falls*, 944 F.2d 236, 242 (5th Cir. 1991)); *Anunobi v. Eckerd Corp.*, No. Civ.A.SA-02-CV-0820, 2003 WL 22367153, at *5 (W.D. Tex. Oct. 17, 2003) ("Because additional compensation is consistent with meeting the salary basis test, the fact Plaintiff received [additional compensation] for hours worked beyond…40 as

evidence and Plaintiffs' concession that they performed the job duties of exempt professionals, Plaintiffs have failed to raise a genuine issue of material fact in response to BA Research's undisputed position that Plaintiffs were exempt professionals who were not entitled to receive overtime payments under the FLSA.

2. Plaintiffs' Emphasis on a So-Called "Express Guarantee" and Reliance on 29 C.F.R. § 541.604 are Misplaced

In the face of this overwhelming and undisputed evidence that BA Research paid each Plaintiff an annual salary, and that such salary was paid to them each pay period regardless of the quantity or quality of their work, Plaintiffs attempt to avoid summary judgment by creating out of whole cloth a classic "Straw Man" fallacy. Plaintiffs create the Straw Man by arguing (without any support in the record) that their fixed salary was actually some sort of "hourly" arrangement accompanied by a "guarantee" that their compensation would not fall below some particular amount. Plaintiffs then attack the "hourly plus minimum guarantee" Straw Man by arguing that BA Research cannot satisfy the requirements of 29 C.F.R. § 541.604(b), which they argue requires (1) a "reasonable relationship" between the "guaranteed" compensation and the additional compensation paid above the guaranteed amount; and (2) an "express" understanding between the parties as to the amount of the guarantee. (Pl's Br. at 4-6) As with any Straw Man fallacy, Plaintiffs' position falls apart upon closer examination.

The first and most obvious problem with Plaintiffs' position is that there simply is no evidence in the record to support an argument that Plaintiffs were paid an "hourly"

---

'premium pay' does not negate his salary status."); *Bell v. Callaway Partners, LLC*, 394 F. App'x 632, 634 (11th Cir. 2010) (finding that employer's incentive compensation system in which employees received bonus pay for each hour worked over forty hours conformed to the requirements of the salary basis test, even though it "may have been designed in a way to encourage overtime work"); *see also* 29 C.F.R. § 541.604(a).

wage with some accompanying "guarantee" that their hourly compensation would not fall below some predetermined amount. To the contrary, as discussed at length above, all of the testimony and documentary evidence in the record confirms unequivocally that Plaintiffs at all times received a fixed salary plus an additional amount of premium pay when they performed extra extraction runs.

In the absence of any evidence establishing the factual predicate that they were "hourly" employees working under some sort of "guaranteed minimum" compensation arrangement, both of Plaintiffs' legal arguments completely fall apart. Plaintiffs' first argument – that "Defendants do not meet the criteria for not [sic] paying additional compensation under 29 CFR 541.604(b)" – is meritless because that regulation (and its "reasonable relationship" requirement) has no applicability to the compensation practices at issue in this case. Indeed, the plain language of 29 C.F.R. § 541.604(b) could not be more clear that the requirements of that regulation do not apply to salaried employees:

> The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis. It does not apply, for example, to an exempt store manager paid a guaranteed salary of $650 per week who also receives a commission of one-half percent of all sales in the store or five percent of the store's profits, which in some weeks may total as much as, or even more than, the guaranteed salary.

29 C.F.R. § 541.604(b); *see also* 29 C.F.R. Part 541, 69 FR 22122-01, at *22183, 2004 WL 865626 (Apr. 23, 2004) ("We have clarified that [the 'reasonably relationship'] requirement applies only when an employee's actual pay is computed on an hourly, daily or shift basis."); *Holladay v. Burch, Oxner, Seale Co.*, No. 4:07-cv-03804-RBH, 2009 WL 614783, at *6 (D.S.C. Mar. 6, 2009) ("This reasonable relationship test is only required if Plaintiff was being paid on an hourly, daily, or shift basis."). Thus, because Plaintiffs were paid a fixed salary and were not paid on a weekly, daily, or shift basis, the

requirements of the regulation, including the notion of a "reasonable relationship" requirement, simply do not apply in this case.[8]

Plaintiffs' second argument – that the "minimum guarantee" between the parties must be "express" – is also meritless. The sole authority that Plaintiffs cite for this proposition is *Rodgers v. Basin School Dist. No. 72*, No. CIV04-287-S-EJL, 2006 WL 3497254 (D. Id. Dec. 4, 2006), which bears no resemblance to the facts of this case and contains no requirement of an express minimum guarantee. In *Rodgers*, the court found as a matter of law that the plaintiff had not been paid on a salary basis, where *all* of the evidence before the court indicated that the plaintiff was an *hourly* employee. *Id.* at *4. In the absence of any actual evidence to the contrary, the defendant attempted to satisfy the "salary basis" requirement by arguing that it had always paid the plaintiff the same amount each pay period without any reductions. *Id.* at *3. The *Rodgers* court rejected that argument because all of the evidence in the case indicated that the plaintiff had been an hourly employee and nowhere had the employer guaranteed the plaintiff a fixed amount each pay period. *Id.* at *3-*4. Nowhere does *Rodgers* require that an employer's guarantee of a fixed salary be "express" in order to satisfy the salary basis test. The *Rodgers* court simply noted that because there was no express guarantee in that case, the fact that the plaintiff has always been paid the same amount could not rebut the undisputed evidence in the record showing that the plaintiff had actually been paid by the

---

[8] Moreover, even if the regulation and the "reasonable relationship" requirement did apply here, there was a reasonable relationship between the guaranteed salary that Plaintiffs received and the additional compensation they were eligible to earn, because the additional compensation was tied to the number of additional runs that each Plaintiff performed beyond the normal number of runs each was expected to complete in a given workday. (Stoddart Decl. at ¶ 6; Chakir Dep. at 27-28; Harrison Dep. at 121; Kalis Dep. at 10; Nguyen Dep. at 68; Reed Dep. at 28)

hour. *Id.* at *4. Furthermore, because the evidentiary record in *Rodgers* was entirely different than the evidence currently before the Court, *Rodgers* should play no role in the Court's analysis of whether Plaintiffs were paid on a salary basis.

In sum, for the reasons discussed above, Plaintiffs have failed to raise a genuine issue of material fact as to whether they were paid on a salary basis, as required by 29 C.F.R. § 541.300(a) and 29 C.F.R. § 541.602(a).[9] As Plaintiffs have expressly conceded that the duties test of the professional exemption under the FLSA, the Court should find, as a matter of law, that Plaintiffs were exempt professionals who were not entitled to any overtime compensation, and on this basis should dismiss Plaintiffs' claims in their entirety.

C.  Plaintiffs Have Failed to Carry Their Burden to Prove Willfulness

In addressing BA Research's request that the Court find that a two-year statute of limitations applies to any of Plaintiffs' claims that might survive summary judgment, Plaintiffs entirely ignore the fact that it is their burden to prove willfulness.[10] *Valcho v. Dallas County Hosp. Dist.*, 658 F. Supp. 2d 802, 807-08 (N.D. Tex. 2009) (citing *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 356 (5th Cir.1990)). The Company is not seeking

---

[9] The fact that Plaintiffs were undisputedly paid on a salary basis also defeats the sole argument that Plaintiff Harrison has presented in response to the Company's position that he was also exempt under the highly compensated employee exemption. (Pl. Br. at 4 n.4)

[10] Plaintiffs' argument in this regard makes it clear that Plaintiffs have improperly conflated the issue of willfulness, on which they bear the ultimate burden of proof and which determines the appropriate statute of limitations for Plaintiffs claims, with the separate and distinct issue of whether the Company acted in good faith with respect to its compensation practices regarding Plaintiffs, which determines whether an award of liquidated damages is warranted and on which the Company would bear the burden of proof.

an "advisory opinion," as Plaintiffs suggest (Pl. Br. at 10), but rather asking the Court to find, as a matter of law, that Plaintiffs have failed to meet their burden in this regard.

As the Company noted in its principal brief, there is not a single piece of evidence in the record that would indicate or even suggest that BA Research knew or showed reckless disregard as to whether the classification of Plaintiffs as exempt professionals violated the FLSA. The only evidence cited by Plaintiffs in support of their half-hearted attempt to prove willfulness (*see* Pl. Br. at 11) in no way demonstrates any willfully unlawful behavior by the Company. The cited evidence does not show, as Plaintiffs state, that they complained about allegedly unlawful compensation practices. Rather, Plaintiffs were actually complaining when the Company attempted to change the very compensation system with which Plaintiffs are now taking issue in this lawsuit. (Chakir Dep. at 69-71; Nguyen Dep. at 70-72) Thus, the evidence cited by Plaintiffs serves to underscore the fact that they liked the premium compensation system that BA Research instituted at their request, and such evidence in no way demonstrate any willfully unlawful conduct by the Company. Accordingly, to the extent that any of Plaintiffs' claims survive summary judgment, the Court should find as a matter of law that such claims are subject to a two-year statute of limitations.

### III. CONCLUSION

For the reasons discussed herein and in BA Research's principal brief, BA Research requests that the Court grant the Company's Motion for Summary Judgment in its entirety and dismiss with prejudice all of Plaintiffs' claims for alleged unpaid overtime under the FLSA. Should the Court not find as a matter of law that all Plaintiffs were exempt professionals, BA Research requests that the Court find as a matter of law that

Plaintiff Harrison was properly exempt in calendar years 2007 and 2009 under the highly compensated employee exemption and dismiss with prejudice his FLSA overtime claim consistent with that finding (i.e., dismiss his overtime claim except as to calendar year 2008).  Additionally, should the Court not find as a matter of law that all Plaintiffs were exempt professionals, BA Research requests that the Court enter summary judgment in the Company's favor on the issue of willfulness and find, as a matter of law, that a two-year statute of limitations applies to any of Plaintiffs' claims that survive summary judgment.

Respectfully submitted this 24th day of May, 2011.

ALSTON & BIRD LLP

s/ Brett E. Coburn
Glenn G. Patton (admitted *pro hac vice*)
Attorney-In-Charge
Georgia Bar No. 567235
Brett E. Coburn (admitted *pro hac vice*)
Of Counsel
Georgia Bar No. 171094
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Tel. No. (404) 881-7000
Fax. No. (404) 881-7777
E-mail:glenn.patton@alston.com
        brett.coburn@alston.com

Alexandra Rose
Of Counsel
Texas Bar No. 24055698
2200 Ross Avenue, Suite 3601
Dallas, Texas  75201
Telephone:  (214) 922-3400
Facsimile:  (214) 922-3899
E-mail:alex.rose@alston.com

ATTORNEYS FOR DEFENDANTS

LEGAL02/32638074v3

- 13 -

**CERTIFICATE OF SERVICE**

    I certify that on May 24, 2011, I electronically filed the foregoing *Reply in Support of Defendant's Motion for Summary Judgment* with the Clerk of the Court in accordance with the Electronic Case Filing System of the United States District Court for the Southern District of Texas, which will automatically accomplish service through the Notice of Electronic Filing or other means on the following attorneys of record:

    Joseph Y. Ahmed
    Ahmad, Zavitsanos & Anaipakos, P.C.
    3460 One Houston Center
    1221 McKinney Street
    Houston, Texas 77010

    Howard T. Dulmage
    Law Offices of Howard T. Dulmage, PLLC
    2323 Clear Lake City Blvd.
    Suite 180 MB 186
    Houston, Texas 77062

    s/ Brett E. Coburn
    Brett E. Coburn